IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Bennett Fennell, #244084,<br><br>                       Petitioner,<br><br>vs.<br><br>Warden of McCormick Correctional Institution,<br><br>                       Respondent. | C/A No. 0:08-02992-HMH-PJG<br><br>**REPORT AND RECOMMENDATION** |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 19). The petitioner, John Bennett Fennell ("Fennell"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The respondent filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). By order filed December 30, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 21.) Fennell filed a response in opposition to respondent's motion. (Docket Entry 24.) This motion is now before the court for a Report and Recommendation.

## BACKGROUND

Fennell was indicted in October 1996 in Chester County for assault and battery with intent to kill ("ABWIK") and possession of a firearm during the commission of a violent crime (96-GS-12-0593) (See PCR[1] R. on App. at 473-74, Docket Entry 20-5 at 29-30.) In January 1997, Fennell was

---

[1] Post-Conviction Relief.

also indicted for murder (97-GS-12-0032).  (See PCR R. on App. at 468-69, Docket Entry 20-5 at 24-5.)  Fennell was represented by Thomas Hall, Esquire, and from September 15-17, 1997, was tried by a jury and found guilty but mentally ill ("GBMI") on all counts.  (PCR R. on App. at 457-58, Docket Entry 20-5 at 13-4.)  The circuit court sentenced Fennell to life in prison for murder, twenty years for ABWIK, and five years for possession of a firearm during the commission of a violent crime.  (PCR R. on App. at 461-62, 467, 470-71, Docket Entry 20-5 at 17-8, 23, 26-7.)

Fennell timely appealed.  On appeal, Fennell was represented by Aileen Clare, Esquire, of the South Carolina Office of Appellate Defense.  On August 24, 2008, Clare filed an Anders[2] brief and a petition to be relieved as counsel, in which she raised the following issue:

> Did the Trial Court err in refusing to direct a verdict as to the charge of assault and battery with intent to kill, when the doctrine of transferred intent was used to prove intent against the assault victim, and the intended hom[i]cide victim was in fact killed?

(PCR R. on App. at 475, Docket Entry 20-5 at 31.)  On September 13, 1999, the South Carolina Supreme Court denied the petition to be relieved as counsel and ordered full briefing on the issue Clare raised in the Anders brief.  (PCR R. on App. at 486, Docket Entry 20-5 at 42.)  Clare filed an amended brief on September 20, 1999 addressing this issue and the State filed its brief on October 29, 1999.  (PCR R. on App. at 487, 499, Docket Entry 20-5 at 42, 55.)  On May 1, 2000, following oral argument, the South Carolina Supreme Court affirmed the convictions and sentences.  (PCR R. on App. at 521, Docket Entry 20-7 at 23.)  The remittitur was issued on May 17, 2000.

---

[2]Anders v. California, 386 U.S. 738 (1967).  Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  Anders, 386 U.S. at 744.

On August 7, 2000, Fennell filed an application for post-conviction relief ("PCR"). (See Fennell v. State of South Carolina, 00-CP-12-0218, PCR R. on App. at 550, Docket Entry 20-7 at 52.) Fennell appears to have raised various allegations of ineffective assistance of counsel.[3] (Id.) On June 20, 2001, the State filed a Return and Motion to Dismiss, erroneously asserting that the direct appeal was still pending. (PCR R. on App. at 561, Docket Entry 20-7 at 63.) On September 12, 2001, Fennell then submitted another application, in which he appeared to assert that the circuit court lacked subject matter jurisdiction. (PCR R. on App. at 554, Docket Entry 20-7 at 56.)

On June 3, 2003, during his PCR hearing, Fennell informed the PCR court that he wished to withdraw his PCR application. (Docket Entry 20-8 at 3-4.) On July 3, 2003, the PCR court filed an order dismissing the PCR application with prejudice. (Docket Entry 20-9.) Thereafter, on July 28, 2003, Fennell filed a motion to alter or amend asking the PCR court to reconsider its order of dismissal and stating that he wished to proceed with his PCR application. (Docket Entry 20-10.) On April 27, 2004, the PCR judge granted the motion and reinstated the application over the opposition of the State. (Docket Entries 20-12 & 20-13.)

On January 12, 2004, prior to the order reinstating his application, Fennell filed another PCR application raising the following issues:

1.     The applicant did not knowingly and voluntarily withdrew [sic] his PCR application.

2.     The applicant's PCR counsel failed to file a Notice of Intent to Appeal.

3.     The Court of General Sessions of Chester County Lacked Subject Matter Jurisdiction of the Murder conviction.

---

[3]In response to the section of the PCR application that requests the applicant to list his grounds for relief, Fennell states "see Grounds for relief." The record is devoid of any document or attachment that fits that description. However, in a parenthetical following that statement Fennell mentions that he could not raise the ineffective assistance of counsel issue in his direct appeal. (See PCR R. on App. at 550, Docket Entry 20-7 at 52.)

(PCR R. on App. at 532, 543, Docket Entry 20-7 at 34, 45.) This January 12 application was merged with his reinstated application by order filed August 4, 2004. (PCR R. on App. at 560, Docket Entry 20-7 at 62.)

On August 5, 2005, now under the representation of Tara Shurling, Esquire, Fennell filed an Amended Application for Post-Conviction Relief, which included the following issues:

1. Trial counsel was ineffective for failing to adequately examine witness Dr. Harold Morgan concerning his testimony that the Applicant was at the time of the killing unable to morally differentiate right from wrong.

2. Trial counsel was ineffective for failing to adequately examine Dr. Harold Morgan concerning how his diagnosis would apply to the South Carolina Standard for legal insanity.

3. Trial counsel was ineffective for failing to adequately argue to the jury that the witness, Dr. Harold Morgan's testimony, established that under South Carolina law the Applicant was legally insane at the time of this killing.

4. Trial counsel failed to provide the Applicant reasonable professional assistance of counsel in that he failed to object to an erroneous and confusing jury charge on the defense of insanity.

5. Trial counsel was ineffective for failing to challenge the sufficiency of the indictment for murder where the indictment was fatally defective in that it failed to state the time and place of the death of the victim.

6. Trial counsel was ineffective for failing to discredit the testimony of psychologist Chris Buehrig, who testified at trial that he had never held the opinion that Applicant was a threat to society and stated that Applicant was stable and in remission.

7. Trial counsel was ineffective for failing to demonstrate that Applicant had inappropriately been turned over to a family doctor with no recommendation for further counseling, after Applicant was released from Catawba Mental Health.

8. Trial counsel was ineffective for failing to establish that Applicant was legally insane at the time that he committed the charged acts in that counsel neglected to use expert testimony to make clear the severity of Applicant's mental affliction.

9. Trial counsel and Appellate counsel were ineffective for failing to challenge the use of legal concept *transferred intent* to convict Applicant of assault and battery with intent to kill on a completely unintended victim.

(PCR R. on App. at 563, Docket Entry 20-6 at 1.)  The State filed an Amended Return on February 8, 2002.  (PCR R. on App. at 566, Docket Entry 20-6 at 4.)

On August 9, 2005, the PCR court held an evidentiary hearing at which Fennell was represented by Tara Shurling, Esquire.  (PCR R. on App. at 571, Docket Entry 20-6 at 9.)  Fennell called trial counsel and Dr. Harold Morgan to testify at the hearing and the state called no witnesses.  On November 30, 2005, the PCR court entered an order of dismissal with prejudice.  In the order, the PCR court rejected Fennell's allegations that trial counsel was ineffective for:  (1) failing to adequately examine Dr. Harold Morgan and argue the defense of insanity during closing and (2) failing to object to the jury charge on the defense of insanity.  (PCR R. on App. at 627, Docket Entry 20-6 at 65.)

On December 10, 2005, Attorney Shurling filed a Notice of Appeal with the South Carolina Supreme Court.  Fennell was represented by Robert M. Pachak, Esquire, of the South Carolina Office of Appellate Defense.  On April 25, 2006, Attorney Pachak filed a Johnson[4] Petition for Writ of Certiorari and Petition to be Relieved as Counsel, in which he raised the following issue:

> Whether there was any evidence to support the PCR judge's findings that defense counsel was not ineffective in failing to object to the jury charge on the defense of insanity?

(Docket Entry 20-14.)  The State filed a letter return to the petitions on April 27, 2006.  (Docket Entry 20-15.)  Fennell then filed a *pro se* brief in support of the petition for writ of certiorari expanding on this issue.  (Docket Entry 20-16.)  The South Carolina Supreme Court transferred the PCR appeal to the South Carolina Court of Appeals.  On September 28, 2007, the South Carolina

---

[4]Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders to post-conviction appeals).

Page 5 of 18

Court of Appeals denied the petition for a writ of certiorari. (Docket Entry 20-19.) The remittitur was issued on October 16, 2007. (Docket Entry 20-20.)

On August 10, 2007, Fennell filed another PCR application raising the following issues:

Ineffective Assistance of Counsel

1. Failed to motion for mitigating circumstances at sentencing.

2. Failed to object to Cawtaba Mental Health counseling and diagnosis.

3. *Voir Dire* Violation Juror #74 Conflict of Interest.

4. Lawyer Conflict of Interest.

5. Counsel's Failure to Object to Police's unconstitutional statement - Rights not read at crime scene when first in custody.

(Docket Entry 20-18.) The State filed a Return and Motion to Dismiss on January 24, 2008. (Docket Entry 20-11.) On February 26, 2008, the PCR court held an evidentiary hearing at which Fennell was represented by Leah Moody, Esquire. On May 5, 2008, the PCR court entered an order of dismissal with prejudice based on its conclusion that Fennell failed to timely file the application and because it was successive. (Docket Entry 20-21.)

Attorney Moody timely filed a Notice of Appeal with the South Carolina Supreme Court. By letter dated May 5, 2008, the Clerk of the South Carolina Supreme Court required Attorney Moody to explain why the PCR should not be summarily dismissed pursuant to Rule 227(c), SCACR. (Docket Entry 20-22.) By letter dated May 21, 2008, Moody stated that she could provide no "arguable basis for asserting that the determination by the PCR judge [] was improper." (Docket Entry 20-23.) Accordingly, on June 24, 2008, the South Carolina Supreme Court dismissed the appeal for failure to provide the explanation required by Rule 227(c), SCACR. (Docket Entry 20-24.) The remittitur was issued on July 10, 2008. (Docket Entry 20-25.)

In Fennell's petition for a writ of habeas corpus filed in this court, he raises the following claims:

1. Trial counsel's failure to object to the insanity instruction constituted ineffective assistance of counsel.

2. Trial counsel's failure to elicit clarification from Dr. Morgan that the Applicant's inability to distinguish between moral right and moral wrong rendered him legally insane constituted ineffective assistance of counsel.

3. Trial counsel's failure to object to the solicitor's incorrect statement of the insanity standard in his closing argument constituted ineffective assistance of counsel.

(See Docket Entry 1-2 at 9, 13, 14.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

**B.     Habeas Corpus Standard of Review**

    **1.     Generally**

In accordance with 28 U.S.C. § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court

factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. Exhaustion Requirement

A habeas corpus petitioner may seek relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

### C.    Respondent's Motion for Summary Judgment

#### 1.    Ineffective Assistance of Counsel Generally

A defendant has a constitutional right to the effective assistance of counsel. Williams v. Florida, 465 U.S. 1109, 1111 n.5 (1984). To demonstrate ineffective assistance of counsel, Fennell must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, Fennell must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, Fennell "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

**2.      Insanity Instruction**

Fennell's first ground for relief is ineffective assistance of counsel based on trial counsel's failure to object to the insanity instruction. Fennell was convicted for murdering a fellow Civitan[5] at a meeting. At trial, Fennell's expert, Dr. Harold Morgan, testified that Fennell knew his act was legally wrong, but because of his paranoia and impairment in judgment, he did not know it was morally wrong. Dr. Morgan testified that this would qualify Fennell as insane. (PCR R. on App. at 329-31, Docket Entry 20-4 at 35-7.) By contrast, the State's doctor testified he did not recall ever providing an opinion in court that someone understood legal wrong but not moral wrong. (PCR R. on App. at 362, Docket Entry 20-4 at 68.) In closing, defense counsel argued that there are three ways under the statute for someone to be found legally insane, one of those being not knowing moral

---

[5]Civitan Clubs are community service and social organizations. See http://www.civitan.com (last viewed June 4, 2009).

right from moral wrong. Counsel asserted that Fennell fit that category, and therefore, should be found not guilty by reason of insanity. (PCR R. on App. at 391-92, 396, Docket Entry 20-4 at 97-8, 102.) During the State's closing argument, the solicitor noted that Dr. Morgan was "hang[ing] his hat very gingerly" on the distinction between legal and moral knowledge, and added that the "law encompasses both terms." The solicitor noted that the State's doctor had never heard of a person understanding one but not the other, and further pointed out that on cross-examination Dr. Morgan agreed that Fennell was very close to guilty but mentally ill. (PCR R. on App. at 401-02, Docket Entry 20-4 at 107-8.)

   As part of the jury charges, the judge accurately recited the statute:

> [I]t is an affirmative defense to a prosecution for a crime that, at the time of the commission of the act constituting the offense, the defendant, as a result of mental disease or defect, lacked the capacity to distinguish moral or legal right from moral or legal wrong or to recognize the particular act charged as morally or legally wrong.

(PCR R. on App. 425-26, Docket Entry 20-4 at 131-2); see also S.C. Code Ann. § 17-24-10. The judge then explained that the test for insanity is whether, at the time of the alleged act, the defendant had "mental capacity sufficient to distinguish moral or legal right from moral or legal wrong, and recognized the particular act or act charged as morally or legally wrong. If so, he would be mentally responsible." (PCR R. on App. at 426, Docket Entry 20-4 at 132.) The judge also added that "[w]hen the power to recognize that the act complained of is either morally or legally wrong exists in a defendant, he must answer for his or her acts." (PCR R. on App. at 427, Docket Entry 20-4 at 133.) However, the judge also charged the jury that a defendant could be found insane if he proved that at the time of the act "he did not know the act or acts committed were wrong or criminal, criminal or punishable, either one or the other." (PCR R. on App. at 428, Docket Entry 20-4 at 134.)

   At the jury's request, the judge re-instructed the jury with the same language two additional times, including once after the jury asked for the charge to be written and asked whether one who

knew the difference between legal right and wrong but not moral right or wrong was insane. (PCR R. on App. at 438-55, Docket Entries 20-4 at 144-50 and 20-5 at 1-11.) During the PCR hearing, trial counsel agreed that he did not object to the judge's charge. Trial counsel further agreed that there were inconsistent passages on the distinction between moral and legal right and wrong in the charge, but noted that he had offered his own charges on the subject, but that the trial judge declined them. Trial counsel stated that he argued that lack of moral or legal knowledge satisfies the standard for insanity in his closing argument and saw no reason to object to the charge at the time. (PCR R. on App. at 376; 583-86; 599-600; 603-04, Docket Entries 20-4 at 82 and 20-6 at 21-4, 37-8, 41-2.)

The PCR court concluded that counsel was not deficient because, on the whole, the charge was proper and that the trial judge's charge was substantially the language of the statute. The PCR court also concluded that the later explanation, even if confusing, was merely superfluous, and that the jury was only concerned with whether there was even a distinction between "moral or legal," presumably based on the differing expert opinions. (PCR R. on App. at 633-34, Docket Entry 20-6 at 71-2.) Concluding that the charge was proper, the PCR court concluded that Fennell failed to carry his burden to demonstrate that trial counsel's representation fell below the standard of professional reasonableness for failing to object. Moreover, the court found that, based on the overwhelming evidence, there was no indication that Fennell was prejudiced. The South Carolina Supreme Court denied certiorari.

As the PCR court stated, under South Carolina law, jury instructions must be considered in their entirety and, if in their entirety are free from error, any potentially misleading portions do not constitute reversible error. State v. Jackson, 377 S.E.2d 570, 572 (S.C. 1989); Sheppard v. State, 594 S.E.2d 462, 472 (S.C. 2004). Accordingly, the PCR court concluded that despite the inconsistent portions, the charge was correct as a whole as a matter of state law, and this conclusion

by a state court on state law in unreviewable in a federal habeas proceeding. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."). Since the state courts have found the charge proper, then counsel could not have been deficient nor Fennell prejudiced.

Even if the decision were properly reviewable, Fennell is not entitled to habeas relief. "In considering this claim again on a petition under 28 U.S.C. § 2254, a federal court owes considerable deference to the judgment entered in the state court proceeding." Yarbrough, 520 F.3d at 335 (citing 28 U.S.C. § 2254(d), (e)). Fennell has not shown that the state court's analysis of this issue, or the appellate court's decision to deny certiorari, misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410. While a careful parsing of the inconsistent portions in the middle of the charge might lead to the conclusion that cognizance of both the legal and moral were required for insanity, the judge began the charge with the statute, which clearly allows for either, and finished the charge by again stating that insanity existed if the defendant did not know the act was "wrong or criminal, criminal or punishable, *either one or the other*." (PCR R. on App. 425-28, Docket Entry 20-4 at 131-4 (emphasis added)). The latter language correctly conveyed that either was sufficient, and thus the charge was proper.

Further, Fennell has not demonstrated that he was prejudiced as a result of his counsel's alleged deficiency and, therefore, he cannot satisfy the second prong of Strickland. Fennell has not presented any evidence to demonstrate a reasonable probability that the result of the proceeding would have been different if his counsel had objected to the jury charge. Strickland, 466 U.S. at 694. Further, none of the presumptively prejudicial factors are present in this matter. See Cronic, 466 U.S. at 659. Fennell gave a statement in which he noted he got mad about a dispute over the candy box, got his gun, and went inside to kill the victim. (PCR R. on App. at 222-23, Docket Entry 20-3

at 76-7.) There was also testimony that immediately prior to the shooting, Fennell stated that he was going to kill the victim, and at the scene following the shooting he stated, "[J]ust get me out of here, and just do whatever you want to do, just give me the electric chair." (PCR R. on App. at 122, 245, Docket Entries 20-2 at 124 and 20-3 at 99.) Given these statements and viewing that the trial judge charged the jury, in part, directly from the statute, it cannot be said that an objection would create a reasonable probability of a different result.

For the reasons discussed above, Fennell's first ground for relief does not warrant habeas corpus relief.

### 3.     Dr. Morgan

Fennell's second ground for relief is ineffective assistance of counsel based on trial counsel's failure to elicit clarification from Dr. Morgan that Fennell's inability to distinguish between moral right and moral wrong rendered him legally insane.

As discussed above, Dr. Morgan, Fennell's expert, testified at the trial concerning Fennell's mental competency. Trial counsel elicited from Dr. Morgan that a person who knew legal right from wrong but not moral right from wrong would still classify as insane "on the moral side of it." Dr. Morgan admitted that Fennell knew legal right from wrong, but not moral right from wrong, at the time of the criminal act. (PCR R. on App. at 330, Docket Entry 20-4 at 36.) As noted before, trial counsel argued in his closing argument that this medical conclusion was sufficient for an insanity verdict.

At the PCR hearing, trial counsel was asked why he did not have Dr. Morgan clarify the legal standard in his testimony, and trial counsel stated that he felt he had done so. Trial counsel believed that Dr. Morgan very clearly testified as to his opinion. (PCR R. on App. at 589-93; 601, Docket Entry 20-6 at 27-31, 39.) Dr. Morgan testified at the PCR hearing that, if asked, he would have

testified that his understanding of South Carolina law was that a person was still insane even if they met only the moral and not the legal side of the test. (PCR R. on App. at 621, Docket Entry 20-6 at 59.)

The PCR court rejected this claim, finding that trial counsel adequately elicited Dr. Morgan's opinion, and the mere contention that it could have been made clearer was insufficient. (PCR R. on App. at 630-32, Docket Entry 20-6 at 68-70.) The state supreme court denied certiorari.

Fennell has not shown that the state court's analysis of this issue, or the appellate court's decision to deny certiorari, misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410. Defense counsel clearly elicited Dr. Morgan's opinion that Petitioner was still insane even though he did understand legal right from wrong. (PCR R. on App. at 330, Docket Entry 20-4 at 36.)

Even assuming that trial counsel was deficient in this regard, Fennell has not demonstrated that he was prejudiced as a result of his counsel's alleged deficiency and, therefore, he cannot satisfied the second prong of Strickland. Fennell has not presented any evidence to demonstrate a reasonable probability that the result of the proceeding would have been different if his counsel had "clarified" Dr. Morgan's opinion. Strickland, 466 U.S. at 694. Further, none of the presumptively prejudicial factors are present in this matter. See Cronic, 466 U.S. at 659.

Accordingly, Fennell's second ground for relief does not warrant habeas corpus relief.

**4.     Solicitor's Closing Argument**

Fennell's third ground for relief is ineffective assistance of counsel based on trial counsel's failure to object to the solicitor's allegedly incorrect statement of the insanity standard in his closing argument. While this issue was raised to the PCR court and submitted in Fennell's proposed order to the PCR judge, this issue was not ruled upon by the PCR court and no motion to alter or amend

the judgment was filed. Therefore, this issue would not have been preserved for appeal. See Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) (holding that issues must be raised to and ruled on by the PCR judge to be preserved for appellate review); Rule 59(e), SCRCP (providing avenue for any party to move to alter or amend a judgment). Accordingly, this claim of ineffective assistance of counsel is procedurally barred from federal habeas corpus review, as Fennell has not properly exhausted this claim and the merits of this claim would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437. Fennell has not demonstrated—or even alleged—sufficient cause for the default and resulting prejudice, or that a fundamental miscarriage of justice will occur by failing to consider these claims. See Coleman, 501 U.S. at 750.

Accordingly, Fennell's third ground for relief does not warrant habeas corpus relief.

**5.     Other Issues**

In Fennell's response to the respondent's motion for summary judgment, Fennell attempts to assert several issues that were not included in his petition. For example, Fennell attempts to argue that his counsel was ineffective because additional factors should have been considered at his sentencing. (See Docket Entry 24 at 5-8.) However, this issue was not presented in Fennell's federal habeas corpus petition and he has not moved to amend his petition to include this claim. See 28 U.S.C. § 2242 (providing that habeas corpus petitions "may be amended . . . as provided in the rules of procedure applicable to civil actions"); 28 U.S.C.A. foll. §2254, Rule 2(b) ("The petition must . . . specify all the grounds for relief available to the petitioner . . . ."). Furthermore, even if Fennell had raised these grounds in the instant Petition, they were not raised before the state courts and would procedurally barred. See Marlar, 653 S.E.2d at 267 (holding that issues must be raised to and

ruled on by the PCR judge to be preserved for appellate review).  Accordingly, these grounds do not warrant habeas corpus relief.

## RECOMMENDATION

Fennell has not demonstrated that his trial counsel was deficient in his representation.  Nor has he shown, even if counsel was deficient, that he was prejudiced as a result.  See Strickland, 466 U.S. at 694.  Any contention that the result of his criminal trial would have been different if trial counsel had taken the steps he advances in this Petition is merely speculative.  See id.  Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 19) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 4, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).