IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| John Bennett Fennell, #244084, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 0:08-2992-HMH-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden of McCormick Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  John Bennett Fennell ("Fennell") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  Magistrate Judge Gossett recommends granting Respondent's motion for summary judgment.  Fennell filed objections to the Report and Recommendation.  For the reasons stated below, the court grants Respondent's motion for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    Fennell is currently incarcerated at McCormick Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility.  On September 17, 1997, Fennell was found guilty

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

but mentally ill after a jury trial for assault and battery with intent to kill, possession of a firearm during the commission of a violent crime, and murder. (Resp't Mem. Supp. Summ. J. Exs. (App. at 457-58).) Fennell was sentenced to life imprisonment for murder, twenty years' imprisonment for assault and battery with intent to kill, and five years' imprisonment for possession of a firearm during the commission of a violent crime. (Id. Exs. (App. at 461-62, 467, 470-71).) Fennell was represented at trial and sentencing by Thomas Hall ("Hall"). Fennell filed a timely appeal of his conviction and sentence and was represented by Aileen Clare ("Clare") on appeal. On August 24, 1998, Clare filed a brief with the South Carolina Court of Appeals raising the issue of whether the trial court erred in refusing to direct a verdict on the assault and battery with intent to kill charge. (Id. Exs. (App. at 475).) The South Carolina Court of Appeals affirmed Fennell's convictions and sentences on May 1, 2000. (Id. Exs. (App. at 521).)

On August 7, 2000, Fennell filed an application for post-conviction relief ("PCR"). (Resp't Mem. Supp. Summ. J. Exs. (App. at 550).) At a June 3, 2003 hearing, Fennell moved to withdraw his PCR application. (Id. Exs. (PCR Hr'g Tr. 3-4).) That same day, the PCR court dismissed the PCR application with prejudice. (Id. Exs. (Order of Dismissal).) However, on July 28, 2003, Fennell moved to alter or amend requesting that the PCR court reconsider its dismissal and allow him to proceed with the PCR application. (Id. Exs. (Mot. Alter or Amend).) This motion was granted on April 27, 2004. (Id. Exs. (Order Granting Mot. Alter or Amend).)

Prior to the PCR court's decision allowing him to proceed with his PCR application, Fennell filed another PCR application on January 12, 2004, raising the following issues:

1. The applicant did not knowingly and voluntarily withdrew [sic] his PCR application.
2. The applicant's PCR counsel failed to file a Notice of Intent to Appeal.

2

    3.      The Court of General Sessions of Chester County Lacked Subject Matter Jurisdiction of the Murder conviction.

(Resp't Mem. Supp. Summ. J. Exs. (App. at 532, 543).)  In addition, on August 5, 2005, Fennell, now represented by Tara Shurling ("Shurling"), filed an amended PCR application raising the following issues:

1. Trial counsel was ineffective for failing to adequately examine witness Dr. Harold Morgan concerning his testimony that the Applicant was at the time of the killing unable to morally differentiate right from wrong.
2. Trial counsel was ineffective for failing to adequately examine Dr. Harold Morgan concerning how his diagnosis would apply to the South Carolina Standard for legal insanity.
3. Trial counsel was ineffective for failing to adequately argue to the jury that the witness, Dr. Harold Morgan's testimony, established that under South Carolina law the Applicant was legally insane at the time of this killing.
4. Trial counsel failed to provide the Applicant reasonable professional assistance of counsel in that he failed to object to an erroneous and confusing jury charge on the defense of insanity.
5. Trial counsel was ineffective for failing to challenge the sufficiency of the indictment for murder where the indictment was fatally defective in that it failed to state the time and place of the death of the victim.
6. Trial counsel was ineffective for failing to discredit the testimony of psychologist Chris Buehrig, who testified at trial that he had never held the opinion that Applicant was a threat to society and stated that Applicant was stable and in remission.
7. Trial counsel was ineffective for failing to demonstrate that Applicant had inappropriately been turned over to a family doctor with no recommendation for further counseling, after Applicant was released from Catawba Mental Health.
8. Trial counsel was ineffective for failing to establish that Applicant was legally insane at the time that he committed the charged acts in that counsel neglected to use expert testimony to make clear the severity of Applicant's mental affliction.
9. Trial counsel and Appellate counsel were ineffective for failing to challenge the use of legal concept transferred intent to convict Applicant of assault and battery with intent to kill on a completely unintended victim.

(Id. Exs. (App. at 563).)

After a hearing held on August 9, 2005, the PCR court dismissed Fennell's claims with prejudice in a November 30, 2005 order. (Id. Exs. (App. at 627-35).) Fennell appealed the PCR court's decision. On April 25, 2006, Shurling filed a Johnson petition for writ of certiorari and a petition to be relieved as counsel raising the issue of whether there was any evidence to support the PCR court's finding that counsel was not ineffective for failing to object to the jury charge on the insanity defense. (Id. Exs. (Johnson petition).) After transfer to the South Carolina Court of Appeals, the court denied Fennell's petition on October 16, 2007. Fennell filed another PCR application on August 10, 2007, which was dismissed on May 5, 2008, as untimely and successive. (Id. Exs. (Successive PCR Application).) The South Carolina Supreme Court dismissed Fennell's appeal on June 24, 2008.

Fennell filed the instant § 2254 petition on August 19, 2008,[2] raising the following grounds for relief:

1. Trial counsel's failure to object to the insanity instruction constituted ineffective assistance of counsel.
2. Trial counsel's failure to elicit clarification from Dr. [Harold] Morgan [("Dr. Morgan")] that the Applicant's inability to distinguish between moral right and moral wrong rendered him legally insane constituted ineffective assistance of counsel.
3. Trial counsel's failure to object to the solicitor's incorrect statement of the insanity standard in his closing argument constituted ineffective assistance of counsel.

(Fennell § 2254 Pet., generally.) Respondent filed a motion for summary judgment on December 29, 2008. Fennell filed a memorandum in opposition to Respondent's motion for summary judgment on January 29, 2009. Magistrate Judge Gossett recommends granting Respondent's motion for summary judgment.

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

4

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Fennell has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410). "Thus, to grant [Fennell's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and

Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The magistrate judge recommends granting Respondent's motion for summary judgment because (1) trial counsel was not ineffective for failing to object to the insanity jury charge because the charge was free from error when considered as a whole; (2) trial counsel was not ineffective with respect to Dr. Morgan's testimony because counsel "adequately elicited Dr. Morgan's opinion" and Fennell has not shown that the state court "misapplied clearly established federal law;" and (3) Fennell's claim that counsel was ineffective for failing to object to comments by the solicitor in closing arguments is procedurally defaulted.  (Report and Recommendation, generally.)  Further, the magistrate judge submits that Fennell has failed to show cause or prejudice or a fundamental miscarriage of justice to excuse his procedural default.

Fennell filed objections to the Report and Recommendation.  After review, however, the court finds that many of Fennell's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report, or merely restate his claims.  However, Fennell provides three specific objections to the magistrate judge's Report.  According to Fennell, the magistrate judge erred (1) in finding that his counsel was not ineffective for failure to object to the insanity jury charge; (2) in finding that his counsel was not ineffective for failing to clarify Dr. Morgan's opinion; and (3) in finding that Fennell did not show a fundamental miscarriage of justice as to overcome the procedural default of his ineffective assistance of counsel claim for failure to object to comments by the solicitor during closing arguments.  (Objections, generally.)

Fennell objects to the magistrate judge's conclusion that the insanity jury charge was not erroneous.  In order to successfully challenge a conviction or sentence on the basis of ineffective

assistance of counsel, Fennell must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, Fennell must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

Fennell submits that his counsel should have objected because the "jury was confused on the insanity instruction and asked the judge a question two times, in which the judge did not answer but recharged the jury each time." (Objections 2.) The PCR court found that the charge did not violate state law because, taken as a whole, it was free from error. This court cannot review the PCR court's decision regarding state law. "It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Further, as the magistrate judge noted, Fennell has failed to show that the PCR court's analysis of this issue violated clearly-established federal law.

As part of the jury charge, the trial court recited the statute as follows:

[I]t is an affirmative defense to a prosecution for a crime that, at the time of the commission of the act constituting the offense, the defendant, as a result of mental disease or defect, lacked the capacity to distinguish moral or legal right from moral or legal wrong or to recognize the particular act charged as morally or legally wrong.

(Resp't Mem. Supp. Summ. J. Exs. (App. at 425-26).); S.C. Code Ann. § 17-24-10. The trial court then charged the jury that they were to determine whether "at the time of the alleged act or acts, did the defendant have the mental capacity sufficient to distinguish moral or legal right from moral or legal wrong, and recognized the particular act or act charged as morally or legally wrong. If so, he would be mentally responsible." (Id. Exs. (App. at 426).) The trial court also charged the jury that "[w]hen the power to recognize that the act complained of is either morally or legally wrong exists in a defendant, he must answer for his or her acts." (Id. Exs. (App. at 425-26).) In addition, the trial court charged that Fennell would be found insane if at the time of the offense "he did not know the act or acts committed were wrong or criminal, criminal or punishable, either one or the other." (Id. Exs. (App. at 428).) Based on two questions from the jury, the jury was twice recharged on insanity using the same charge given initially. (Id. Exs. (App. at 438-55).) Fennell's counsel agreed that the charge contained inconsistent language in parts. (Resp't Mem. Supp. Summ. J. Exs. (App. at 595).) However, the PCR court found that taken as a whole the charge was substantially the language of the statute. (Id. Exs. (App. at 633-34).)

"[A]n allegedly erroneous instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." Mazzell v. Evatt, 88 F.3d 263, 267 (4th Cir. 1996) (internal quotation marks omitted). The insanity jury instructions "taken as a whole, . . . accurately stated the applicable South Carolina law." Id. Therefore, counsel's actions "were well within the wide range of reasonable professional assistance." Id. (internal quotation marks omitted). As the Fourth Circuit noted in Mazell,

9

> [w]e decline to allow an ineffective assistance of counsel claim to create a situation where post-conviction attorneys stroll in with the full benefit of hindsight to second-guess trial lawyers who professionally discharge their duties to their clients under the manifold pressures of a state trial.

Id. The court finds that the PCR court's decision was not contrary to clearly established federal law or unreasonable as the language of the charge, when considered in its entirety, is accurate. Therefore, counsel was not ineffective for failing to object to the charge. Based on the foregoing, Fennell's objection is without merit.

Next, Fennell objects to the magistrate judge's conclusion that counsel was not ineffective for failing to clarify Dr. Morgan's testimony regarding Fennell's competence. Fennell submits that his counsel failed to "elicit clarification from Dr. Morgan that [Fennell's] inability to distinguish between moral right and moral wrong rendered [him] legally insane." (Objections 3.) The PCR court found that Fennell's trial counsel had adequately elicited Dr. Morgan's opinion. (Resp't Mem. Supp. Summ. J. Exs. (App. at 630-32).) The record reflects that Fennell's counsel elicited Morgan's opinion that Fennell was insane even though he understood legal right from wrong. When asked whether he had "an opinion on whether or not . . . Fennell would of been insane that night when he shot Mr. Thrailkill," Dr. Morgan testified that Fennell

> would meet the moral side of that standard in terms of not knowing moral right and wrong. He certainly would have know the legal right or wrong aspect of this. He knows now and knew then that it's against the law to take a gun and shoot somebody unless there's some good reason I guess. But because of his paranoia and his, [sic] the impairment in his judgment which resulted from that, he was not able to distinguish between the moral duty of right and wrong.

(Id. Exs. (App. at 329-30).) Dr. Morgan further testified that Fennell was classified as insane "on the moral side of it." (Id. Exs. (App. at 330).) The court finds that Fennell's trial counsel was not constitutionally ineffective in failing to elicit further testimony from Dr. Morgan to clarify his

10

opinion. Further, Fennell has failed to establish prejudice. Based on the foregoing, the court finds that the PCR court's decision is not contrary to clearly-established federal law, and the decision was not unreasonable. Accordingly, Fennell's objection is without merit.

Finally, Fennell alleges that his ineffective assistance of counsel claim related to the solicitor's comments during closing arguments is not procedurally defaulted because the PCR judge did not have his counsel's proposed order when he entered the order dismissing his PCR application. (Objections 3-4.) Thus, Fennell argues that he has shown cause and prejudice because the PCR judge erred in not ruling on the claim. However, this does not establish cause and prejudice to excuse the procedural default. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Breard v. Greene, 523 U.S. 371, 375 (1998) (internal citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Fennell's procedural default may be excused only if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). If the PCR court failed to make specific findings, Fennell was required to file a timely Rule 59(e) motion requesting that the PCR court make specific findings on all of his claims raised in his PCR applications. Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not

preserved for appellate review . . . ."). Fennell did not file a timely Rule 59(e) motion. Further, to the extent the PCR court ruled on this issue, Fennell failed to raise this claim in his PCR appeal. Based on the foregoing, Fennell has not established cause for the default and his objection that this claim is not procedurally defaulted is without merit. Therefore, after a thorough review of the record and the magistrate judge's Report and Recommendation, the court adopts the Report and Recommendation.

Therefore, it is

**ORDERED** that Respondent's motion for summary judgment, docket number 19, is granted, and Fennell's § 2254 petition is dismissed.

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
June 22, 2009

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.